# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR10-2039-LRR |
| vs. | |
| ROBERT MAURICE DALE, | **ORDER** |
| Defendant. | |

This matter comes before the court on the defendant's motion to reduce sentence (docket no. 83). The defendant filed such motion on October 6, 2014. If Congress does not disapprove or modify Amendment 782, eligible offenders can ask the court to rely on 18 U.S.C. § 3582(c)(2) to reduce their sentences on November 1, 2014 but not sooner than this date. Assuming the United States Sentencing Commission's decision to retroactively apply Amendment 782 takes effect, no offender may be released pursuant to the retroactive application of Amendment 782 until November 1, 2015 or later. Further, the court need not appoint counsel or conduct a hearing with respect to whether relief is warranted under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)). Moreover, the court sua sponte addressed the application of the most recent retroactive amendments listed in USSG §1B1.10(c). Based on the foregoing, the

defendant's motion to reduce sentence (docket no. 83) is denied without prejudice.

**IT IS SO ORDERED**.

**DATED** this 16th day of October, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA